## BODAMER *v.* HUTTON.

PRACTICE.—*Motion for New Trial.*—Where a motion for a new trial raises no question as to the correctness of the instructions given by the court to the jury, no error arising from them can be considered on appeal, although they be made part of the record by bill of exceptions.

APPEAL from the Lake Common Pleas.

DOWNEY, J.—This was an action by the appellee against the appellant on a lease of certain real estate.    The breach alleged is the refusal of the defendant to give possession of the premises at the time when it is alleged the plaintiff was entitled to possession.    A copy of the lease is filed with the complaint.    No question is made as to the sufficiency of the complaint.

The defendant answered, first, a general denial; and, second, that it was agreed by the parties that the plaintiff's father should sign the lease as security for him; that the lease was left with a third person for him to sign, but that he would not and did not sign it.    There was a reply by general denial to the second paragraph of the answer.    A trial

Bodamer *v*. Hutton.

by jury ended in a verdict for the plaintiff in the sum of eighty dollars.

The defendant moved the court 'for a new trial, for four reasons, to wit, first, the verdict is not sustained by sufficient evidence; second, error in the assessment of the amount of the recovery, the same being greatly in excess of what the evidence warrants; third, the damages awarded are excessive; and, fourth, that the verdict is contrary to law and the instructions of the court.

This motion was overruled by the court, and final judgment was rendered for the plaintiff for the amount found by the jury.

The only error properly assigned is the refusal of the court to grant a new trial.

The evidence in the case is not very specific as to the amount of the damages. It appears that the plaintiff went with a load of his goods on the 1st of March, and that he was told by the defendant that he could occupy the kitchen then, and should have the rest of the house by the middle of the month. This offer he declined, and went away. He says he spent some days in getting things ready with which to go to farming, but bought nothing. He expressed the opinion that his damages amounted to six hundred dollars. He did not state, nor was he asked for, the basis upon which he estimated the damages, nor was any objection made to his giving his opinion. There was no evidence in contradiction of this. Another witness testified that the plaintiff had previously rented a farm of him, which he gave up because he had rented this one.

We do not feel authorized to say that the evidence was not sufficient to justify the verdict of the jury, or that the damages are excessive. Nor do we see that the verdict is contrary to law.

Counsel for the appellant argue as to the correctness of the instructions given to the jury by the court, and the instructions are set out in the record; but counsel must see

that the motion for a new trial made no question as to the correctness of the instructions, and they are not, therefore, in a condition to raise any such question here.

The judgment is affirmed, with costs.

*E. C. Field* and *J. Barnard,* for appellant

*M. Wood* and *T. J. Wood,* for appellee.